FILED - GR
August 6, 2010 2:05 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY ___mlg_/_____ SCANNED BY ___

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Ruth Davison**, ) | |
| ) | |
| Plaintiff, ) | **1:10-cv-785** |
| ) Hon. | |
| v. ) | **Robert Holmes Bell** |
| ) | **U.S. District Judge** |
| **Credit Bureau Collection Services,** ) | |
| **Inc.,** also doing business as **CBCS,** ) | |
| an Ohio corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Complaint**

**I.   Introduction**

1. This is an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3. Plaintiff Ruth Davison is a natural person residing in Kent County, Michigan. Ms. Davison is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

1

Ms. Davison is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4. Defendant Credit Bureau Collection Services, Inc., also doing business as CBCS ("CBCS"), is an Ohio corporation with offices at 250 East Town Street, Columbus, Ohio 43215. CBCS maintains a mailing address of P.O. Box 165025, Columbus, Ohio 43216-5025. The registered agent for CBCS in Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. CBCS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. CBCS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. CBCS is a "debt collector" as the term is defined and/or used in the FDCPA. CBCS is licensed (No. 2401001780) by the State of Michigan to collect consumer debts in Michigan. CBCS is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC.

### IV. Facts

5. Ms. Davison used credit to obtain goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. The original creditors claimed that Ms. Davison failed to pay multiple medical debts.

7. Ms. Davison disputes the alleged debts.

8. The original creditors or successors in interest hired CBCS to collect the alleged debts from Ms. Davison.

9. Alternatively, CBCS purchased the accounts after the alleged debts allegedly were

in default.

10.     In or about July 2010, Ms. Davison spoke by telephone with a CBCS employee identified as "Eric." The CBCS employee stated that CBCS was recording the telephone conversation. The CBCS employee stated that CBCS was attempting to collect multiple medical debts from Ms. Davison. The CBCS stated that Ms. Davison would need to make payment arrangements that day with CBCS in order to keep the debts from being reported to the credit bureaus. Ms. Davison stated that she disputed all of the debts. The CBCS employee stated that Ms. Davison could not dispute the debts unless she provided CBCS with reasons why she disputed the debts. Ms. Davison repeatedly stated that she was disputing all of the debts, at that time, by telephone. The CBCS employee repeatedly responded that Ms. Davison could not dispute the debts unless she provided CBCS with reasons why she disputed the debts. The CBCS employee repeatedly stated that Ms. Davison's statement that she disputed the debts was not a dispute. The CBCS employee repeatedly stated that he would communicate to the creditors that Ms. Davison was refusing to pay the debts, rather than communicate to the creditors that Ms. Davison was disputing the debts.

11.     The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey*

*v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.,* 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation,* 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute). The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.,* 160 F.3d 64 (1st Cir. 1998). The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time.

12. The CBCS employee made false statements regarding the rights of a consumer to dispute a debt as afforded by the FDCPA.

13. The CBCS employee made false statements regarding Ms. Davison's rights to dispute the debts.

14. The CBCS employee falsely stated that to dispute the debts, Ms. Davison was required to provide CBCS with a reason for the dispute.

15. The CBCS employee wrongfully refused to allow Ms. Davison to dispute the debts orally and by telephone.

16. It is a violation of the FDCPA for a debt collector to communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

17. It is a violation of the FDCPA for a debt collector to threaten to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

18. The CBCS employee wrongfully threatened that he would communicate to the creditors that Ms. Davison was refusing to pay the debts, rather than communicate to the

4

creditors that Ms. Davison was disputing the debts.

19. The CBCS employee falsely threatened or implied that Ms. Davison would need to make payment arrangements that day with CBCS in order to keep the debts from being reported to the credit bureaus.

20. The CBCS employee intended to speak the words he spoke to Ms. Davison.

21. The acts and omissions of CBCS and its employee done in connection with efforts to collect a debt from Ms. Davison were done intentionally and wilfully.

22. CBCS and its employee intentionally and wilfully violated the FDCPA and MOC.

23. As an actual and proximate result of the acts and omissions of CBCS and its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

24. Plaintiff incorporates the foregoing paragraphs by reference.

25. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

    b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted

collection of a debt; and

c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

26. Plaintiff incorporates the foregoing paragraphs by reference.

27. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor;

c) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive and abusive method to collect a debt; and

d) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)   Actual damages pursuant to M.C.L. § 339.916(2);

b)   Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)   Statutory damages pursuant to M.C.L. § 339.916(2); and

d)   Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: August 6, 2010

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com